UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA        :

       - v. -                        :

LUCERO LEOBARDO GOMEZ,          :
JUAN CARLOS NAUT, and
FRANCISCO BATISTA,              :

               Defendants.    :

- - - - - - - - - - - - - - - - - -x

**SUPERSEDING INDICTMENT**

S1 08 Cr. 32



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: FEB 13 2008

## COUNT ONE

The Grand Jury charges:

1. From in or about September 2006 through in or about July 2007, in the Southern District of New York and elsewhere, LUCERO LEOBARDO GOMEZ, JUAN CARLOS NAUT, and FRANCISCO BATISTA, the defendants, and others known and unknown, unlawfully, willfully, and knowingly did combine, conspire, confederate, and agree together and with each other to violate Section 1956(a)(1)(B)(i) of Title 18, United States Code.

2. It was a part and an object of the conspiracy that LUCERO LEOBARDO GOMEZ, JUAN CARLOS NAUT, and FRANCISCO BATISTA, the defendants, and others known and unknown, in an offense involving and affecting interstate and foreign commerce, knowing that the property involved in certain financial transactions represented the proceeds of some form of unlawful activity, unlawfully, willfully and knowingly would and did conduct such financial transactions, which in fact involved proceeds of

specified unlawful activity, to wit, narcotics trafficking, knowing that the transactions were designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership and the control of the proceeds of that specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

## Overt Acts

3.  In furtherance of said conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

    a.  On or about September 8, 2006, in New York, New York, LUCERO LEOBARDO GOMEZ, the defendant, received proceeds of illegal narcotics trafficking.

    b.  On or about July 10, 2007, in the Bronx, New York, JUAN CARLOS NAUT, the defendant, possessed approximately $40,500 in the proceeds of illegal narcotics trafficking.

    c.  On or about July 10, 2007, in the Bronx, New York, FRANCISCO BATISTA, the defendant, possessed approximately $40,500 in the proceeds of illegal narcotics trafficking.

(Title 18, United States Code, Section 1956(h).)

## COUNT TWO

The Grand Jury further charges:

4.  From in or about July 2006, up to and including in or about July 2007, in the Southern District of New York and

elsewhere, JUAN CARLOS NAUT, the defendant, and others known and unknown, unlawfully, intentionally and knowingly did combine, conspire, confederate and agree together and with each other to violate the narcotics laws of the United States.

5. It was a part and an object of the conspiracy that JUAN CARLOS NAUT, the defendant, and others known and unknown, would and did distribute and possess with intent to distribute a controlled substance, to wit, one kilogram and more of mixtures and substances containing a detectable amount of heroin, in violation of Sections 812, 841(a)(1) and 841(b)(1)(A) of Title 21, United States Code.

## Overt Act

6. In furtherance of the conspiracy and to effect the illegal object thereof, the following overt act, among others, were committed in the Southern District of New York, and elsewhere:

a. On or about July 10, 2007, in the Bronx, New York, JUAN CARLOS NAUT, the defendant, possessed approximately $40,500 in the proceeds of illegal narcotics trafficking.

(Title 21, United States Code, Section 846.)

## **FORFEITURE ALLEGATIONS**

7. As a result of committing one or more of the money laundering offense and/or narcotics offenses alleged in Counts One and Two of this Indictment, LUCERO LEOBARDO GOMEZ, JUAN CARLOS NAUT, and FRANCISCO BATISTA, the defendants, shall forfeit

to the United States pursuant to 21 U.S.C. § 853, any and all property constituting or derived from any proceeds the said defendant obtained directly or indirectly as a result of the said violation and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the violation alleged in Count One of this Indictment, including but not limited to:

      a.   A sum of money equal to approximately $40,500 in United States currency, in that such sum constitutes or is derived, directly or indirectly, from proceeds traceable to the commission of the offenses described in Count One of this Indictment.

      8.   If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

      a.   cannot be located upon the exercise of due diligence;

      b.   has been transferred or sold to, or deposited with, a third person;

      c.   has been placed beyond the jurisdiction of the Court;

      d.   has been substantially diminished in value; or

      e.   has been commingled with other property which cannot be subdivided without difficulty;

4

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

(Title 21, United States Code, Sections 841(a)(1) and 853.)

_____
FOREPERSON

_____
MICHAEL J. GARCIA
United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

---

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

**UNITED STATES OF AMERICA**

- v. -

**LUCERO LEOBARDO GOMEZ,**
**JUAN CARLOS NAUT, and**
**FRANCISCO BATISTA,**

Defendants.

---

**INDICTMENT**

S1 08 Cr. 32

(Title 18, United States Code, Section 1956(h).)

MICHAEL J. GARCIA
United States Attorney.

A TRUE BILL

_____
Foreperson.